## Financial Responsibility of Vehicle Operators

162

MARGIOTTI, Attorney General, April 11, 1938.—It has been called to our attention that your department, in applying the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as amended by the Act of June 25, 1937, P. L. 2097, has been requiring proof of general financial responsibility of commercial drivers who are subject to the provisions thereof. We are advised that it has been the policy of your department not to issue restricted licenses to such commercial drivers when the owners of the vehicles which they operate in the course of their employment are insured, and where such insurance covers the operator of the vehicle. This policy is not justified by law.

Commercial drivers are individuals whose employment involves the operation of a motor vehicle. They include taxi drivers, bus drivers, truck drivers, or any other person whose livelihood depends wholly or in part upon his ability to operate a motor vehicle. Obviously, a rigid interpretation of the law would deprive those who earn their livelihood through the operation of motor vehicles of their sole means of support, consequently increasing unemployment and adding to the relief rolls. The intention of the legislature in enacting the financial responsibility laws was to protect the public generally. This object can be accomplished by the issuance of restricted licenses covering only such vehicles as are specified in the license.

In the majority of cases where a commercial driver becomes subject to the provisions of the financial responsibility law, his employer carries liability insurance which covers the operators of all vehicles owned by him. Consequently, if such commercial driver were required to carry a separate liability insurance policy, the vehicle operated by him would be covered by double insurance. Such double insurance is unnecessary and unjustifiable. So long as the commercial driver's authority to operate is restricted to particular vehicles covered by insurance, the policy of the law is satisfied.

The legislature recognized the necessity for the permission of such restricted operating privileges by the amendment of the Act of 1937. Section 2 of the Act of 1937, supra, adds to the type of insurance required to be issued to the operator or for his benefit a "motor vehicle liability policy".

Section 25 is added to the act. That section provides:

"Restrictions to be Stated on Operator's Card; Removal of Restrictions; Penalty. (*a*) When a certificate of a motor vehicle liability policy of insurance has been furnished as compliance with the requirements of proof of financial responsibility as prescribed in this act, and such liability policy extends only to designated vehicles, the operator shall surrender his operator's card to the secretary, and the secretary shall designate, by explicit description or appropriate reference, the vehicle described or identified in such certificate of motor vehicle liability policy upon the operator's license card of the person whose operator's privilege is so limited, and return such card to the operator."

A commercial driver is therefore financially responsible if the motor vehicle which he operates is covered by liability insurance. Therefore, if such commercial driver's employer carries liability insurance covering his motor vehicles, his employes are financially responsible while operating such motor vehicles. So long as the insurance coverage extends to the operator, the public is protected and no further financial responsibility is necessary.

A certificate from an insurance carrier certifying that a certain motor vehicle or motor vehicles are covered by liability insurance is sufficient authority for you to issue a license, restricting the operating privileges of the operator named therein to the vehicle or vehicles so covered.

You are therefore advised that the requirements of the Uniform Automobile Liability Security Act are fully satisfied if the employer of a commercial operator carries liability insurance protecting the public against damages

resulting from the operation of such vehicles. If you are furnished with a certificate from an insurance carrier certifying that certain vehicles are covered by insurance, it is your duty to issue a restricted license to the operator, authorizing him to operate the particular vehicles so insured.